RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 19a0238p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

BEVERLY L. SWANIGAN; BRIAN LEE KELLER; SHERI
ANOLICK,

> *Plaintiffs-Appellants*,

> *v.*

> No. 18-2303

FCA US LLC; INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND AGRICULTURAL
IMPLEMENT WORKERS OF AMERICA,

> *Defendants-Appellees*.

───────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:18-cv-10319—Gershwin A. Drain, District Judge.

Argued: August 8, 2019

Decided and Filed: September 12, 2019

Before: COLE, Chief Judge; GRIFFIN and BUSH, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Jeffrey M. Harris, CONSOVOY MCCARTHY PARK PLLC, Arlington, Virginia,
for Appellants. Julia M. Jordan, SULLIVAN & CROMWELL LLP, Washington, D.C., for
Appellee FCA. Abigail V. Carter, BREDHOFF & KAISER, PLLC, Washington, D.C., for
Appellee UAW. **ON BRIEF:** Jeffrey M. Harris, Cameron T. Norris, CONSOVOY
MCCARTHY PARK PLLC, Arlington, Virginia, Raymond J. Sterling, James Christian Baker,
Brian J. Farrar, STERLING ATTORNEYS AT LAW, P.C., Bloomfield Hills, Michigan, for
Appellants. Julia M. Jordan, SULLIVAN & CROMWELL LLP, Washington, D.C., Steven L.
Holley, Jacob E. Cohen, SULLIVAN & CROMWELL LLP, New York, New York, Thomas W.
Crammer, David O'Brien, MILLER, CANFIELD, PADDOCK & STONE, PLC, Troy,
Michigan, for Appellee FCA. Abigail V. Carter, Elisabeth Oppenheimer, BREDHOFF
& KAISER, PLLC, Washington, D.C., for Appellee UAW.

---

**OPINION**

---

GRIFFIN, Circuit Judge.

This case arises out of the infamous bribery scandal involving several officials of defendant Fiat Chrysler Automobiles (FCA US LLC, "FCA") and defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"). On appeal, the central issue presented is whether plaintiffs' Second Amended Complaint plausibly alleges a "hybrid" § 301 claim under the Labor-Management Relations Act ("LMRA"). Based upon the plain language of the complaint and plaintiffs' counsel's representations at the hearing on defendants' motions to dismiss, the district court ruled that it did not, granted the motions to dismiss, and denied other relief. We agree and affirm.

I.

The UAW negotiates large-scale collective-bargaining agreements on behalf of its members with automotive manufacturers including FCA. According to the Second Amended Complaint, FCA officials bribed UAW officials with millions of dollars' worth of gifts and money for the purpose of getting a more company-friendly collective-bargaining agreement. This scandal resulted in a number of federal convictions and indictments. Criminal investigations are ongoing.

In response to the bribery scheme, plaintiffs Beverly Swanigan, Brian Keller, and Sheri Anolick—three members of a potential class action—sued defendants, alleging violations of § 301 of the LMRA, 29 U.S.C. § 185. Later, plaintiffs were allowed to amend their complaint twice. The Second Amended Complaint is the subject of this appeal. It names individuals formerly employed by both FCA and UAW, and alleges that "FCA executives and FCA employees agree[d] to pay and deliver, and willfully paid and delivered, money and things of value to officers and employees of the UAW." The complaint also alleges that plaintiffs have been as yet unable to discover the complete extent of defendants' collusive conduct because of the secrecy of the ongoing federal criminal investigations.

The complaint specifically refers to plaintiffs' cause of action as a "hybrid § 301 claim" against FCA and UAW. Each of the three iterations of the complaint raises the same two counts: (I) violation of the LMRA and (II) breach of the duty of fair representation under the LMRA, both of which they must properly allege for a hybrid claim to pass muster. The first count alleges that "FCA colluded with UAW executives to take FCA-friendly positions during negotiations and collective bargaining"; "FCA's unlawful conduct also violated the LMRA in that two or more persons conspired to pay money, give gifts and things of value, and make prohibited payments in violation of 29 USC 186"; and "[t]he prohibited payments and other conduct did impermissibly influence the collective bargaining process by allowing FCA to obtain company-friendly concessions from the UAW during the collective bargaining process." Plaintiffs allege that they were harmed by FCA's conduct "by having the dues they have faithfully paid used for purposes other than good-faith bargaining and arm's length negotiations." Furthermore, under this count, plaintiffs allege that their "dues have not been used for intended purposes," and that "[d]iscovery will likely reveal the extent to which FCA impermissibly interfered with the collective bargaining process, that FCA breached collectively bargained and other negotiated agreements, and the extent to which plaintiffs and other class members have been harmed by the collusion."

In the second count of the complaint, plaintiffs allege that "UAW has engaged in conduct that breached its duty of fair representation to its membership" by "willfully requesting, receiving, accepting, and agreeing to receive and accept money and things of value from persons acting in the interest of FCA to obtain company-friendly positions at the bargaining table." Plaintiffs also allege that UAW's conduct resulted in egregious unfairness or reckless disregard for its members' rights. The complaint requests a money judgment, including the value of all dues paid during the collusion period and money to compensate plaintiffs for their losses sustained as a result of the collusion-tainted bargaining.

Defendants FCA and UAW moved to dismiss plaintiffs' complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and their arguments in favor of dismissal were largely consistent. In large part, both argued that the complaint failed to state a claim for relief because their "hybrid claim" under § 301 requires evidence of the violation of a contract or

collective-bargaining agreement and the complaint explicitly does *not* allege that defendants violated any provision in the collective-bargaining agreement.  They also alleged that this complaint was really a disguised claim under § 302 of the LMRA, "which 'does not create a private right of action,' and 'most assuredly' does not create 'a right to sue for money damages.'"  (Quoting *Ohlendorf v. United Food & Comm. Workers Int'l Union, Local 876*, 883 F.3d 636, 639, 642 (6th Cir. 2018)).  Both also argued that plaintiffs failed to allege that they exhausted internal union remedies and grievance procedures established in the collective-bargaining agreement.  Finally, UAW argued that plaintiffs' complaint was untimely under the applicable statute of limitations and that their claims failed because they did not show any proximate cause between defendants' alleged malfeasance and plaintiffs' injuries.

The district court granted defendants' motions to dismiss.  The Honorable Gershwin A. Drain agreed with defendants that plaintiffs' failure to allege that any specific provision of any collective-bargaining agreement was violated proved fatal to their hybrid claim.  Second, the court held that plaintiffs' complaint failed to sufficiently allege that they were legally excused from exhausting both union and contractual grievance procedures.  Third, the court agreed with UAW's argument that plaintiffs failed to allege specific injuries proximately caused by the alleged collusive conduct of FCA and UAW.  Finally, Judge Drain denied plaintiffs' cursory request to amend their complaint because it violated the court rules, provided no "explanation as to how [p]laintiffs will remedy their deficient allegations," and would be futile.

Plaintiffs timely appealed both the dismissal of their complaint and the denial of their motion to amend.

## II.

First we address the district court's dismissal of plaintiffs' complaint for failure to plead a plausible case under § 301 because they failed to allege that FCA breached the collective-bargaining agreement.  We review de novo a district court's decision to dismiss a complaint under Rule 12(b)(6).  *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 275 (6th Cir. 2019).

A.

Section 301 of the LMRA gives federal courts jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185(a). It encompasses "suits by and against individual employees as well as between unions and employers." *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976). Some such suits by employees are referred to as "hybrid claims" in which the employee or employees "must prove both (1) that the employer breached the collective bargaining agreement and (2) that the union breached its duty of fair representation." *Garrish v. Int'l Union United Auto., Aerospace, & Agric. Implement Workers of Am.*, 417 F.3d 590, 594 (6th Cir. 2005) (citation omitted). And if the employees cannot satisfy *both* prongs of that test, he "cannot succeed against any Defendant." *Id*. In other words, the two claims that make up a hybrid claim are "inextricably interdependent." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983).

Here, the district court dismissed plaintiffs' claims for failure to allege that FCA breached the collective-bargaining agreement. The district court was correct. Plaintiffs peppered their complaint with allegations that the collusion between FCA and UAW and bribes paid by FCA officials to UAW officials "affected the bargaining process and the collectively bargained agreements." But nowhere do they allege that FCA breached a provision of the collective-bargaining agreement. And they acknowledged their failure and inability to do so before the district court.

In fact, at oral argument on defendants' motions, plaintiffs' counsel explicitly conceded that FCA did not violate any specific provision of the collective-bargaining agreement:

> THE COURT: . . . What in the collective bargaining agreement was breached to make the 301 claim?
>
> [PLAINTIFFS' COUNSEL]: The entire agreement itself was breached, your Honor.
>
> THE COURT: The entire agreement?
>
> [PLAINTIFFS' COUNSEL]: You have an employer giving money for seven years to a union, longer if we look at Mr. Iacobelli's plea agreement, his memorandum in support of the sentencing that was filed last week. He is now indicating that it went on longer, before 2009, before the bankruptcy that this collusion went on.

But we have Chrysler or FCA giving money, things of value to the union. We have the union demanding, asking for, receiving money and things of value.

THE COURT: But where is that in the contract. Where is the support for that in the collective bargaining agreement?

[PLAINTIFFS' COUNSEL]: And, your Honor, what the Court and what the defendants are asking us to show is a specific provision in the contract that says, thou shalt not collude. Thou shalt not break the law.

THE COURT: Okay.

[PLAINTIFFS' COUNSEL]: Thou shalt not, thou shalt -- but that doesn't exist. It doesn't exist in any collective bargaining agreement.

So what we have to do is we have to look at things like the National Labor Relations Act. We have to look at other cases because this is not a usual case. This is a collusion, a conspiracy, a bribery case.

But plaintiffs' assertion that this case is unique or unusual does not establish federal jurisdiction. Section 301 gives us jurisdiction only to hear "[s]uits for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185(a). Because the complaint does not allege that FCA breached any provision of the collective-bargaining agreement, Judge Drain correctly dismissed the complaint for failure to state a claim upon which relief could be granted.

We held as much in *Garrish*. There, the plaintiffs, employees of GMC and union members of UAW, sued in a hybrid claim under § 301 in part based upon an allegation that UAW extended a strike to "obtain approximately $200,000 in payoffs from GMC to [the local union's] upper-level officials." 417 F.3d at 592, 594. The district court granted summary judgment in favor of the defendants on the plaintiffs' claims because they were barred by the statute of limitations. *Id*. at 593. But this court affirmed on two independent grounds: (1) statute of limitations; and (2) failure to state a claim under § 301. *Id*. at 594–98, 598. On the second basis for affirmance, this court held that "the payoffs [do not] constitute[] a cause of action in the instant appeal—GMC did not breach the [collective bargaining agreement] and the union did not breach its duty of fair representation." *Id*. at 598. Therefore, this court held that this claim "may not be redressed pursuant to § 301." *Id*.

In both *Garrish* and in the present case, plaintiffs alleged (or discovered evidence supporting the allegation) that their employer bribed or paid off their union officials. But we held in *Garrish* that's not enough, absent an express violation of the collective-bargaining agreement. *Id.* In other words, absent an allegation that FCA violated the collective-bargaining agreement when it bribed UAW officials to gain a negotiating advantage, plaintiffs have not alleged a viable § 301 hybrid claim under the Act. And because, as plaintiffs acknowledged below, there is no "[t]hou shalt not" provision of the collective-bargaining agreement prohibiting bribery and collusion, their hybrid claim fails.

Instead, as the district court noted, it appears that plaintiffs have disguised a claim rightly arising under § 302 of the LMRA as a claim under § 301. Plaintiffs even explicitly cited § 302 in their complaint as undergirding their claims for relief. Section 302 provides that

> [i]t shall be unlawful for any employer . . . to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value . . . to any labor organization, or any officer or employee thereof, which represents, seeks to represent, or would admit to membership, any of the employees of such employer who are employed in an industry affecting commerce . . . .

29 U.S.C. § 186(a). Any person who violates this provision can "be guilty of a felony and be subject to a fine of not more than $15,000, or imprisoned for not more than five years, or both." *Id.* § 186(d)(2). But as we held recently in *Ohlendorf v. United Food & Commercial Workers International Union, Local 876*, § 302 "does not confer any individually enforceable right," "does not create person-specific rights," and therefore, does not confer a private cause of action. 883 F.3d 636, 640, 641–42 (6th Cir. 2018). Plaintiffs cannot shoehorn what is truly a criminal-bribery matter under the Act into an inapplicable civil provision.

In this regard, we note that the lack of a § 301 remedy does not leave plaintiffs without relief. Many options exist for employees to challenge unlawful bribery by an employer within the Act. As we stated in *Ohlendorf*:

> None of this leaves the employees without recourse. They may wait for the Attorney General to prosecute the union for violating § 302. Or they may ask the Attorney General to seek an injunction. Or they may file a complaint with the National Labor Relations Board on the ground that a violation of § 302 or a similar statute amounts to an unfair labor practice under the National Labor

Relations Act. *See WKYC-TV, Inc.*, 359 NLRB 286, 289 n.13 (2012); *Int'l Bhd. of Elec. Workers, Local No. 2088, AFL–CIO (Lockheed)*, 302 NLRB 322, 325 n.8 (1991). Many employees, including employees in this circuit, have taken this last route. *See, e.g.*, *Stewart v. NLRB*, 851 F.3d 21 (D.C. Cir. 2017); *United Food & Commercial Workers Dist. Union Local One, AFL-CIO v. NLRB*, 975 F.2d 40 (2d Cir. 1992); *NLRB v. U.S. Postal Serv.*, 833 F.2d 1195 (6th Cir. 1987); *Peninsula Shipbuilders' Ass'n v. NLRB*, 663 F.2d 488 (4th Cir. 1981); *NLRB v. Atlanta Printing Specialties & Paper Prod. Union 527, AFL–CIO*, 523 F.2d 783 (5th Cir. 1975); *Indus. Towel & Unif. Serv., a Div. of Cavalier Indus., Inc.*, 195 NLRB 1121 (1972); *NLRB v. Penn Cork & Closures, Inc.*, 376 F.2d 52 (2d Cir. 1967).

883 F.3d at 643.

Here, plaintiffs admitted at the hearing on defendants' motions to dismiss that they have filed allegations of unfair labor practices with the National Labor Relations Board against both FCA and UAW. The NLRB is the appropriate forum to adjudicate such claims. For without a plausible allegation that FCA violated a specific provision of the collective-bargaining agreement, plaintiffs' § 301 claim fails as a matter of law.

B.

Rather than attack on the merits the district court's decision to dismiss its complaint, plaintiffs spend the bulk of their appeal on newly raised and unpreserved issues that they assert may support reversal. However, in general, we do not decide unpreserved issues first raised on appeal.

1.

In this regard, plaintiffs contend for the first time that they alleged violations of the contract: their argument now is that FCA violated its implied duties of good faith and fair dealing—which are implicit in all collective-bargaining agreements—by bribing UAW officials to affect negotiations. But this claim is forfeited because plaintiffs never raised it below.

"As a general rule in this Circuit, arguments raised for the first time on appeal are forfeited." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 781 (6th Cir. 2015). And this court also deems issues not raised in response to dispositive motions forfeited. *Am. Copper & Brass, Inc.*

*v. Lake City Indus. Prods., Inc.*, 757 F.3d 540, 545 (6th Cir. 2014). Only compelling reasons merit our consideration of a forfeited issue. *See Kreipke*, 807 F.3d at 781.

Here, plaintiffs forfeited their claim regarding the implied duties of good faith and fair dealing. The Second Amended Complaint makes no mention whatsoever of implied duties between FCA, UAW, and the employees, and it only mentions "good faith" regarding FCA in the context of arms-length negotiations and bargaining. Then, when FCA and UAW both moved to dismiss plaintiffs' Second Amended Complaint, each motion argued that plaintiffs failed to allege that FCA breached any collective-bargaining agreement. In their consolidated response to both motions, plaintiffs made no mention of—let alone an argument regarding—any implied duties inherent in collective-bargaining agreements. The word "implied" appears only once, in a quote of a Supreme Court case referring to an "implied requirement that disputes be settled through contractual grievance procedures." (Quoting *Hines*, 424 U.S. at 567). The term "good faith" appears five times, but all but one use of the word are in reference to UAW's duties to its union members (the other appears in a quoted provision of the National Labor Relations Act addressing the employer's and the union's mutual duty to bargain in good faith). And the terms "common law" and "fair dealing" never once appear. Because plaintiffs failed to raise any arguments about common-law contractual duties in their consolidated response to defendants' motions to dismiss, this issue is forfeited. *Am. Copper & Brass, Inc.*, 757 F.3d at 545.

On appeal, plaintiffs assert they preserved this issue below at oral argument on defendants' motions to dismiss. In support they rely on the following statements by trial counsel:

> [PLAINTIFFS' COUNSEL]: And, your Honor, what the Court and what the defendants are asking us to show is a specific provision in the contract that says, thou shalt not collude. Thou shalt not break the law.
>
> THE COURT: Okay.
>
> [PLAINTIFFS' COUNSEL]: Thou shalt not, thou shalt -- but that doesn't exist. It doesn't exist in any collective bargaining agreement.
>
> So what we have to do is we have to look at things like the National Labor Relations Act. We have to look at other cases because this is not a usual case. This is a collusion, a conspiracy, a bribery case.

> This is not like the cases that were cited by the defense where they're pointing out one, two, or a small group of employees that may have been racially discriminated against, or discriminated against as retirees where you can go to the CBA and you can find specific language in the words, Paragraph 6 Subpart (2)(A)(I)(3). We don't have that. *We have common law contract principles that have been violated.*
>
> *301, [C]ongress did not intend 301 to take common law contract and throw it out the window.*
>
> Congress did not intend 301 and the unfair labor practice charges under the NLRA to operate separate and distinct from each other.
>
> And, in fact, your Honor, in *Smith v[.] Evening News Association*, the court, the [S]upreme [C]ourt said the authority of the NLRB to deal with an unfair labor practice, which also violates a CBA, is not displaced by 301. But it is not exclusive and does not destroy the jurisdiction of the courts in suits under 301.

(Emphasis added). The above reference, they assert, was sufficient to preserve the implied-duties claim both below and for appeal.

Plaintiffs' arguments do not make it so; a thorough scouring of the record shows that their efforts were wholly lacking. The single mention of "common law contract principles" is the only reference in the entire hearing to "common law"; and none of "implied," "good faith," or "fair dealing" make any appearance in the transcript. Such an abstract reference to common-law contract principles, without any further elaboration or specific mention of the implied rights plaintiffs now assert, is insufficient to preserve the argument they press on appeal. *See United States v. Huntington Nat'l Bank*, 574 F.3d 329, 332 (6th Cir. 2009) ("At a minimum, a litigant must state the issue with sufficient clarity to give the court and opposing parties notice that it is asserting the issue. Yet notice by itself does not suffice . . . . To preserve the argument, then, the litigant not only must identify the issue but also must provide some minimal level of argumentation in support of it." (citations omitted)). Because the record is wholly lacking sufficient notice and argumentation on the issue before the district court, plaintiffs have forfeited this issue.

In rare circumstances we may consider forfeited issues on appeal for sufficiently compelling reasons. *Kreipke*, 807 F.3d at 781. But plaintiffs do not attempt to offer compelling reasons for us to consider the forfeited issue. This failure is itself adequate to caution us against

reaching an issue the district court never addressed. *See id*. (declining to address an issue because the forfeiting party failed to "present[] a compelling reason for us to do so"). Therefore, we decline plaintiffs' belated request.

2.

Plaintiffs also argue for the first time on appeal that even if the district court was correct to conclude that they had not alleged FCA's breach of the collective-bargaining agreement, they should be allowed to proceed with a standalone claim that UAW violated its duty of fair representation. (Citing *Pratt v. United Auto., Aerospace & Agric. Implement Workers of Am., Local 1435*, 939 F.2d 385, 389 (6th Cir. 1991)). This argument not only is forfeited but also was expressly waived below.

At the hearing on defendants' motions to dismiss, the district court asked plaintiffs' counsel about other potential causes of action that could have been raised in lieu of this hybrid claim under § 301:

> THE COURT: Is there some other provision you perhaps should have sued under other than 301, which deals very specifically with collective bargaining agreements?
>
> [PLAINTIFFS' COUNSEL]: The problem that you get into, your Honor, is 301 is the remedy in this situation.
>
> If we plead state law contract claims or state law breach of fiduciary duty claims or state law tortious interference claims, we get preempted under Garmon. 301 is this remedy, your Honor. It gives us the vehicle into this court.
>
> Again, the Smith case said if there are situations in which serious problems will arise from both the courts and the board having jurisdiction over acts which amount to unfair labor practice charges and violation of the contract, we'll deal with those on a case by case basis. This is that case.
>
> I will --
>
> THE COURT: You're conceding that it's got to be a 301 or nothing?
>
> [PLAINTIFFS' COUNSEL]: In terms of this Court's jurisdiction, yes, your Honor.

Plaintiffs' counsel later responded that "employees can sue their union directly, but [C]ongress has, and the courts have said when the conduct arises to both a breach of the contract and a

breach of duties by the union, you can bring a hybrid." Thus, plaintiffs were *aware* of the existence of a standalone claim against UAW, but expressly disclaimed any interest in it.

"Waiver is the intentional relinquishment or abandonment of a known right." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006) (citations, internal quotation marks, and brackets omitted). Because plaintiffs admitted below that their claims have "got to be [under §] 301 or nothing," even though they knew they could bring a standalone claim against UAW, they expressly waived consideration of their independent claims against UAW for violations of UAW's duty of fair representation. *See Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 632 (6th Cir. 2009). "We must review the case presented to the district court, instead of a better case fashioned after a district court's unfavorable order." *Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 925 (6th Cir. 2013). Therefore, this is no basis to reverse in part the district court's dismissal of plaintiffs' claims against UAW.

In their reply brief on appeal, plaintiffs rely on *Jones Brothers, Inc. v. Secretary of Labor*, 898 F.3d 669, 677 (6th Cir. 2018), to argue that, at worst, this argument was merely forfeited below, and this court can and should excuse the forfeiture and address the issue. But unlike in *Jones Brothers*—where the petitioner merely mentioned a circuit split on the pertinent issue without arguing how the split should be resolved, and made no affirmative act to waive its constitutional claim, *id.*—plaintiffs below *expressly* declined any other avenue for relief besides a § 301 hybrid claim. *Jones Brothers* is further distinguishable in that here we lack the "extraordinary circumstance" present there—"the absence of legal authority addressing whether the [Federal Mine Safety and Health Review] Commission could entertain the [constitutional] claim" at issue. *Id.* That "extraordinary circumstance" was coupled with specific statutory authority for courts to "excuse forfeiture 'because of extraordinary circumstances.'" *Id.* (quoting 30 U.S.C. § 816(a)(1)). Furthermore, were we to address this claim on appeal, it would probably be fair to say that plaintiffs did "sandbag" the district court, which was not present in *Jones Brothers*. *Id.* (noting in support of addressing the issue that the plaintiff did not "sandbag[] the

Commission or strategically sle[ep] on its rights"). Therefore, we refuse to grade the district court on a test it never took, and will not address this waived argument.**[1]**

### III.

Finally, plaintiffs contend that the district court erred in denying them leave to amend their complaint a third time. We disagree. When a district court denies a plaintiff's motion for leave to amend the complaint because it would have been futile, we typically review that decision de novo because it is a purely legal conclusion. *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014). "But where, as here, plaintiffs have made a request in a responsive pleading without either formally moving for leave to amend or giving grounds for amendment, we review for abuse of discretion." *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 322 (6th Cir. 2017) (citing *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006)).

Plaintiffs' request to amend came by a mere passing suggestion in their consolidated response to defendants' motions to dismiss that "if for any reason th[e district c]ourt feels the pleadings fall short, plaintiffs request the opportunity to amend their pleadings to correct any deficiencies." And plaintiffs did not attach a proposed (third) amended complaint to that consolidated response to defendants' motions to dismiss. In similar circumstances we have held this to be an insufficient and incorrect attempt to amend. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("A 'request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.' Plaintiffs' motion contained precisely that kind of throwaway language . . . . Both because the plaintiffs did not present an adequate motion and because they did not attach a copy of their amended complaint, the district court did not abuse its discretion in refusing to allow the plaintiffs to amend their complaint based on the final sentence of the plaintiffs' memorandum in opposition." (first alteration in original) (citations omitted)); *see also Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 521–22 (6th Cir. 2008) (noting that the addition of a cursory

---

**[1]**Because we affirm the district court's decision concluding that plaintiffs failed to allege a viable § 301 claim, we need not address the district court's other bases for dismissing the complaint—that plaintiffs failed to exhaust their CBA and union remedies before filing suit and that plaintiffs failed to allege any proximate cause between UAW's alleged concessions at the bargaining table and harm to plaintiffs.

request for leave to amend on appeal does not cure the error).  Based on these failures alone, the district court did not abuse its discretion in denying plaintiffs' perfunctory request to yet again amend their complaint.

IV.

For these reasons, we affirm the judgment of the district court.